IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHAKIL RAHMAN,

    Plaintiff,

v.

KOFI LARBIE BOATENG ET AL.,

    Defendants.

Civil No. 23-2400-BAH

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Shakil Rahman ("Plaintiff") sues Defendants Kofi Larbie Boateng ("K. Boateng"), Comfort Akwaaba Boateng ("C. Boateng") (collectively the "Boatengs"), Kamal Mustafa ("Mustafa"), HSI Asset Securitization Corporation Trust 2006-HE2 ("HSI Asset"), Kophco, LLC ("Kophco"), and Hope Living, LLC ("Hope Living") (collectively "Defendants"). ECF 41, at 1 (amended complaint). Plaintiff seeks a declaratory judgment settling an apparent dispute over the ownership of 12600 Nichols Promise Drive, Bowie, Maryland 20720 (the "Subject Property"). *Id.* at 6. Pending before the Court are motions to dismiss Plaintiff's amended complaint filed by the Boatengs (ECF 42) and Mustafa (ECF 46). Plaintiff filed a response to the Boatengs' motion (ECF 44), to which the Boatengs replied (ECF 45). Plaintiff also responded to Mustafa's motion (ECF 48), to which Mustafa filed a reply (ECF 49). For the reason noted below, both motions are **DENIED**.

## I. BACKGROUND

The Court assumes familiarity with the docket and with the memorandum opinion filed at ECF 31 in the related case of *Rahman v. Vylla Title, LLC, et al.*, 24-1282-BAH.[1] In 2005, the Subject Property was sold to the Boatengs.[2] ECF 41, at 3 ¶ 12. In 2006, the Boatengs refinanced their mortgage on the Subject Property and pledged the Subject Property as collateral to secure a $620,000 loan extended by Intervale Mortgage Corporation. *Id.* ¶ 13. In 2016, Deutsche Bank initiated a foreclosure that resulted in the sale of the Subject Property at auction in September of 2018. *Id.* ¶ 14–15. On October 25, 2019, the foreclosure auction sale was ratified by the Circuit Court for Prince George's County, Maryland. *Id.* ¶ 16. Days later, the deed was recorded listing the transfer of the Subject Property from the Boatengs to Gregory Britto and Deutsche Bank as trustee on behalf of HSI Asset Securitization Corporation Trust 2006-HE2. *Id.* at 3–4 ¶ 17. On December 26, 2019, Deutsche Bank took possession of the Subject Property. *Id.* at 4 ¶ 18. Plaintiff, a resident of Ohio, purchased it from Deutsche Bank in 2021 for $572,250. *Id.* at 5 ¶ 28.

Plaintiff alleges that the Boatengs engaged in a series of fraudulent transactions to maintain control of the Subject Property despite losing it in foreclosure. *Id.* at 3–6 ¶¶ 21–27, 30. Plaintiff also alleges that a series of fraudulent deeds were filed and recorded in the land records of Prince George's County by the Boatengs in furtherance of this scheme. *Id.* at 4–6 ¶¶ 24–26, 29–30. First, a deed was recorded reflecting the sale of the Subject Property to Kophco, a limited liability company for which the Boatengs claimed to be authorized representatives. *Id.* at 4–5 ¶ 24. Later, in March of 2021, K. Boateng filed with the Maryland Department of Assessments and Taxation

---

[1] That opinion is also found at *Rahman v. Vylla Title, LLC, et al.*, Civ. No. 24-1282-BAH, 2025 WL 2776285, at *1 (D. Md. Sept. 26, 2025).

[2] The facts in this section are taken entirely from Plaintiff's amended complaint, ECF 41, which the Court assumes to be true for purposes of addressing the pending motion. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

("MDAT") articles of organizations for Hope Living, identifying K. Boateng as resident agent and C. Boateng as an authorized signor. *Id.* at 5 ¶ 25. In May of 2021, another deed was recorded for the Subject Property, this time reflecting a transfer interest in the Subject Property from Kophco to Hope Living. *Id.* ¶ 26. Later in 2021, K. Boateng amended Hope Living's MDAT articles to add Mustafa as a resident agent. *Id.* ¶ 27. Later, Deutsche Bank recorded the deed to the Subject Property reflecting the sale of the Subject Property to Plaintiff for $572,250. *Id.* ¶ 28. That deed contained an affidavit reflecting multiple invalid deeds related to the Boatengs and Mustafa, including a third deed dated April 27, 2022, showing the alleged transfer of the Subject Property from Hope Living to the Boatengs and Mustafa. *Id.* at 5–6 ¶ 29. That affidavit, reproduced in the text of the amended complaint, summarizes the Boatengs' and Mustafa's involvement with allegedly fraudulent deeds related to the Subject Property as follows:

> Kofi L. Boateng and Comfort A. Boateng are prior owners and default mortgagors subject to the Fee Simple Trustee's Deed dated 10/28/2019 and recorded 11/14/2019 in book 42765 page 502 in which the property was conveyed to Deutsche Bank National Trust Company, as Trustee on behalf of HSI Asset Securitization Corporation Trust 2006-HE2 by substitute Trustee Gregory N. Britto, in which their ownership rights were extinguished.
>
> **Invalid deed #1**-Deed dated 12/16/2020 recorded 02/09/2021 in book 44864 at page 89 from Deutsche Bank National Trust Company, as Trustee on behalf of HIS Asset Securitization Corporation Trust 2006-HE2 executed by Kofi L. Boateng and Comfort A. Boateng president of Kophco LLC the owner of the trust, to Kophco LLC. Kophco LLC is not the owner, settlor, beneficiary, trustee or substitute trustee of the HIS Asset Securitization Corporation Trust 2006-HE2. Kophco LLC has no interest in this property or the mentioned trust and is not an authorized signer on behalf of the trust. Kophco LLC has no interest in this property to convey.
>
> **Invalid deed #2**- Deed dated 05/24/2021, recorded 06/16/2021 in book 54700 at page 297 from Kophco LLC to Hope Living LLC. Kophco LLC has no interest in this property to convey.
>
> **Invalid deed #3**- Deed dated 04/27/2022 recorded 06/09/2022 in book 47782 at page 287 from Hope Living LLC to Kofi L. Boateng, Comfort A. Boateng and Kamal Mustafa. Hope Living LLC has no interest in this property to convey.

3

*Id.*[3] Plaintiff alleges that he is now in "peaceable and actual possession of the Subject Property" and asserts that "there exists an actual and justifiable controversy between and among the parties . . . as to the priority and applicability of [] Plaintiff]'s] deed." *Id.* at 6 ¶¶ 32, 34. Plaintiff asks this Court to "[d]eclare that the Plaintiff Deed is a valid transfer of fee simple interest in the Subject Property for consideration in the amount of $572,250.00," "[d]eclare that Plaintiff holds one hundred percent fee simple title in and to the Subject Property," and declare that the deeds referencing the Boatengs and Mustafa (or their related entities) from 2020, 2021, and 2022 are "null, void, and have no force or effect." *Id.* at 7.

## II.  LEGAL STANDARDS

The Boatengs move to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6). ECF 42, at 1. Mustafa moves under Fed. R. Civ. P 12(b)(1) and 12(b)(6). ECF 46, at 1. Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a complaint for a lack of subject matter jurisdiction. "Rule 12(b)(1) governs motions to dismiss for mootness and for lack of standing, which pertain to subject matter jurisdiction." *Stone v. Trump*, 400 F. Supp. 3d 317, 333 (D. Md. 2019); *see also Pruitt v. Resurgent Cap. Servs., LP*, 610 F. Supp. 3d 775, 779 (D. Md. 2022) (explaining that motions to dismiss for lack of standing are considered under Rule 12(b)(1)). "Motions to dismiss for lack of subject matter jurisdiction are properly granted where a claim fails to allege facts upon which the court may base jurisdiction." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005) (citing *Crosten v. Kamauf*, 932 F. Supp. 676, 679 (D. Md. 1996)).

---

[3] This affidavit is also referenced as an attachment to the amended complaint at ECF 41. However, the only attachments on the docket are to the initial complaint at ECF 1. To the extent these attachments should be added to the amended complaint, Plaintiff must file a motion seeking appropriate relief. Regardless, the pending motions can be addressed without reference to these documents.

The plaintiff bears the burden of proving that subject matter jurisdiction exists. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). Subject matter jurisdiction is a threshold inquiry for suit. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998). When a defendant challenges subject matter jurisdiction, the Court "is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States.*, 945 F.2d 765, 768 (4th Cir. 1991)); *see also Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995).

Federal Rule of Civil Procedure 12(b)(6) governs dismissals for failure to "state a claim upon which relief can be granted." In considering a motion under this rule, courts discount legal conclusions stated in the complaint and "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court then draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

"[A] Rule 12(b)(2) challenge" to personal jurisdiction "raises an issue for the court to resolve, generally as a preliminary matter." *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016) (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). "Under Rule 12(b)(2), a defendant must affirmatively raise a personal jurisdiction challenge, but the plaintiff bears the burden of demonstrating personal jurisdiction at every stage following such a challenge." *Id.* "[A] court has broad discretion to determine the procedure that it will follow in resolving a Rule 12(b)(2) motion." *Id.* at 268. "[N]either discovery nor an evidentiary hearing is required in order for the court to resolve a motion under Rule 12(b)(2)." *Jones v. Mut. of Omaha Ins. Co.*, 639 F. Supp. 3d 537, 544 (D. Md. 2022). "When 'the existence of jurisdiction turns on disputed factual questions the court may resolve the [jurisdictional] challenge on the basis of a separate evidentiary hearing, or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question.'" *Id.* (quoting *Combs*, 886 F.2d at 676).

"When personal jurisdiction is addressed under Rule 12(b)(2) without an evidentiary hearing, the party asserting jurisdiction has the burden of establishing a prima facie case of jurisdiction." *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 226 (4th Cir. 2019). "This 'prima facie case' analysis resembles the plausibility inquiry governing motions to dismiss for failure to state a claim under Rule 12(b)(6)." *Id.* "The court must determine whether the facts proffered by the party asserting jurisdiction—assuming they are true—make out a case of personal jurisdiction over the party challenging jurisdiction." *Aerotek Inc. v. Babcock & Wilcox Solar Energy, Inc.*, Civ. No. JRR-24-177, 2024 WL 4792116, at *2 (D. Md. Nov. 14, 2014) (citing *Sneha Media & Ent., LLC v. Associated Broad. Co. P Ltd.*, 911 F.3d 192, 196–97 (4th Cir. 2018)). In resolving a motion brought pursuant to Rule 12(b)(2), "a court may look beyond the complaint to affidavits and exhibits in order to assure itself of personal jurisdiction." *UMG Recordings, Inc. v.*

*Kurbanov*, 963 F.3d 344, 350 (4th Cir. 2020) (citing *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016)).

## III. ANALYSIS

The Boatengs' and Mustafa's motions generally raise similar arguments claiming that Plaintiff has failed to allege diversity jurisdiction, lacks standing to sue, and also appear to raise several fact-based challenges to the assertions made in the amended complaint. Both motions allege that diversity jurisdiction does not exist because Plaintiff "is a resident of Maryland." ECF 42, at 3; *see also* ECF 46, at 3–4 ("A party cannot simultaneously claim to be in 'peaceable and actual possession' of real property in Maryland while maintaining that he is not domiciled in Maryland."). The Court previously addressed this argument in a Letter Order granting Plaintiff's motion to amend his complaint, *see* ECF 40, at 2, and its analysis has not changed.

Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Plaintiff alleges he is a citizen of the State of Ohio, ECF 41, at 1, and Defendants are all citizens of Maryland, *id.* at 2–3. The Boatengs and Mustafa counter that Plaintiff cannot be a citizen of Ohio because he alleges that he is "in possession" of the Subject Property in Maryland. ECF 46, at 4. However, merely owning or possessing property in a state does not settle the question of citizenship for purposes of diversity jurisdiction. "[S]tate citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile." *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998) (citation omitted). Further, "the existence of such citizenship cannot be inferred from allegations of mere residence, standing alone." *Id.* Thus, the fact that Plaintiff claims to own property in Maryland, or may even reside

there at times, *see* ECF 45, at 2; ECF 45-1, at 2, does not upset the Court's earlier conclusion that diversity of citizenship has been established. *See* ECF 40, at 2.[4]

As to the amount in controversy, in quiet title actions, "the amount in controversy is the value of the whole of the real estate to which the claim extends." *Hughes v. Wells Fargo Bank, N.A.*, 617 F. App'x. 261, 265–66 (4th Cir. 2015) (quoting *Peterson v. Sucro*, 93 F.2d 878, 882 (4th Cir. 1938)). The value of the Subject Property exceeds $75,000. ECF 41, at 5 (noting a purchase price by Plaintiff of $572,250. As the Court noted previously, diversity of citizenship is therefore established. ECF 40, at 2. Dismissal for lack of subject matter jurisdiction is inappropriate.[5]

The Boatengs also claim that Plaintiff lacks standing to sue because "[t]he HSI Trust, through which Plaintiff claims title, is a legal non-entity in the State of Texas, where it purports to be organized." ECF 42, at 4. "As a non-existent entity," the Boatengs claim, "HSI Trust lacks capacity to sue or be sued and cannot convey property." *Id.* at 5. To the extent the Court can even make sense of this argument, the status of the alleged "seller" of the property has no bearing on whether the Plaintiff has established his standing to sue. Plaintiff has sufficiently alleged the elements of standing as articulated in *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Plaintiff claims he is the rightful owner of the Subject Property, that he has been injured by the

---

[4] Regardless, "the rule in actions commenced by plaintiffs in federal court has been that the citizenship of the parties at the time of commencement of the action determines whether the requisite diversity exists." *Rowland v. Patterson*, 882 F.2d 97, 98 (4th Cir. 1989). Thus, even if subsequent events upset diversity of citizenship, that the parties were diverse at the commencement of this suit is sufficient to establish diversity jurisdiction under 28 U.S.C. § 1332(a)(1). *See Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999) ("Because diversity jurisdiction depends on the citizenship status of the parties *at the time an action commences*, we must focus our jurisdictional inquiry *solely on that time*.") (emphasis added).

[5] Both motions to dismiss also argue that jurisdiction is improper because the case does not "present a federal question under 28 U.S.C. § 1331." ECF 42, at 4; ECF 46, at 4. However, Plaintiff does not seek to establish "federal question" jurisdiction under 28 U.S.C. § 1331. *See* ECF 41, at 1 (noting that "[j]urisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)").

8

Boatengs and Mustafa's efforts to cloud title through the creation of fraudulent deeds, and that this harm can be redressed through the Court quieting title. *See Winslow v. OCMBC, INC.*, No. 1:24-CV-03302-PAB-STV, 2025 WL 2986608, at *13 (D. Colo. Sept. 15, 2025) (finding standing to maintain a quiet title action where the complaint alleged that "[p]laintiff [] owns the property, [p]laintiff [] was injured because her title to the property was clouded by a forged deed, the clouding of the title was caused by [the d]efendant recording a forged deed of trust, and the Court can redress this harm by quieting title"), *report and recommendation adopted*, No. 24-CV-03302-PAB-STV, 2025 WL 2986296 (D. Colo. Oct. 23, 2025).

The Boatengs further argue that Plaintiff lacks standing because "he cannot demonstrate a legally cognizable injury resulting from actions affecting property to which he holds no valid title." ECF 42, at 5. They also argue that Plaintiff's deed "contains material misrepresentations" *Id.* Similarly, Mustafa argues that Plaintiff fails to state a claim because the "deed upon which Plaintiff bases his claim is defective and unenforceable due to false statements made under oath" and "cannot establish superior title to [the Subject] Property." ECF 46, at 5–6. The Court is mindful of its obligation to liberally construe pleadings made by pro se litigants. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the Boatengs' and Mustafa's barely decipherable arguments appear to raise factual disputes that cannot be addressed at the motion to dismiss stage. "[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir.2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Engaging with Defendants' factual arguments as to the sufficiency of Plaintiff's proof is inappropriate at this early stage of litigation. *See Baird ex rel. Baird v. Rose*, 192 F.3d 462, 468 n.6 (4th Cir. 1999)

("And, it is inappropriate in addressing the appropriateness of a dismissal under Rule 12(b)(6) to make a determination concerning the weight of the evidence that ultimately may be presented in support of these various positions.").

Finally, the Boatengs claim that the Court lacks personal jurisdiction over the "HSI Trust." ECF 42, at 6. The Court, like Plaintiff, is not entirely sure of what entity the Boatengs reference in this argument. *See* ECF 44, at 8 ("As a threshold matter, it is unclear from the Boatengs' Motion to Dismiss whether the 'HSI Trust' that they refer to on page 6 of their motion is the 'Fake HSI Trust' described in [Plaintiff]'s Amended Complaint, or the real HSI Asset Securitization Corporation Trust 2006-HE2 through which Deutsche Bank sold the property to [Plaintiff]."). Jurisdiction over the entity that Plaintiff contends lawfully sold him the Subject Property is not an issue as that entity is not sued. To the extent the Boatengs seek to raise arguments on behalf of co-defendant HSI Asset, a purportedly fake trust created solely to facilitate their alleged fraud, they proceed pro se and are not permitted to defend or make arguments on its behalf. *See Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) ("[S]ave in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."). As such, dismissal is not appropriate on this ground.

## IV.    CONCLUSION

For the foregoing reasons, the Boatengs' motion to dismiss, ECF 42, and Mustafa's motion to dismiss, ECF 46, are **DENIED**.

A separate implementing Order will issue.

Dated: January 15, 2026

/s/
Brendan A. Hurson
United States District Judge