IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| SHAKIL RAHMAN, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. 23-2400-BAH |
| KOFI LARBIE BOATENG ET AL., | * | |
| Defendants. | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM AND ORDER**

This quiet title action was brought by Plaintiff Shakil Rahman ("Plaintiff") against Defendants Kofi Larbie Boateng ("Kofi"), Comfort Akwaaba Boateng ("Comfort"), Kamal Mustafa ("Mustafa"), HSI Asset Securitization Corporation Trust 2006-HE2 ("HSI"), Hope Living LLC ("Hope Living"), and Kophco LLC ("Kophco") (collectively "Defendants"). ECF 1 (complaint). Pending before the Court is Plaintiff's motion for default judgment against HSI, Hope Living, and Kophco, ECF 59, and Plaintiff's motion to stay, ECF 70. For the reasons stated below, Plaintiff's motion to stay, ECF 70, is **GRANTED**, and motion for default judgment, ECF 59, is **DENIED** without prejudice.

On March 2, 2026, Comfort notified the Court that she filed a petition for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the District of Maryland. ECF 62, at 1, 4. Then, on April 5, 2026, Comfort filed a "notice of suggestion of bankruptcy and notice of automatic stay." ECF 69 (capitalization altered). Comfort asserts that based on her pending bankruptcy petition, this action should be stayed as to not only Comfort, but also HSI, Hope Living, and Kophco, because there is an "absolute 'identity of interest' between [Comfort] and these

entities." ECF 69, at 2. Comfort contends that "[a]ny further action by the Plaintiff to prosecute this case, including the enforcement of discovery requests or the filing of motions for default, constitutes a violation of the automatic stay." *Id.* On April 28, 2026, Plaintiff filed a motion to stay this case pending a ruling from the Bankruptcy Court in Comfort's bankruptcy proceeding. ECF 70. Kofi has apparently indicated to Plaintiff "that the defendants believe that the automatic stay afforded by 11 U.S.C. § 362(a) extends to the co-defendants." *Id.* at 2; *see also* ECF 70-1, at 1 (email from Kofi requesting "that all discovery deadlines and active litigation efforts be suspended until the Bankruptcy Court provides further direction or the stay is lifted"). Plaintiff's position is that "because this action is to quiet title only, and Plaintiff is not seeking monetary damages in this action, discovery should proceed against" Comfort and Kofi. ECF 70, at 2.

To clarify these issues, Plaintiff filed in the Bankruptcy Court a motion for relief from automatic stay and a motion for comfort order.[1] *Id.* at 3; *see also* ECF 70-2 (copy of motion for relief from stay); ECF 70-3 (copy of motion for comfort order). A motions hearing is set in the Bankruptcy Court for May 28, 2026. ECF 70, at 3. As Plaintiff has concerns about Defendants' suggestion that his efforts to obtain discovery may be a violation of the bankruptcy stay, Plaintiff moves to "temporarily stay all deadlines" in this case "such that Plaintiff's efforts to pursue discovery are not prejudiced while the bankruptcy court determines whether the automatic stay applies to the co-defendants." *Id.*

---

[1] "A comfort order is an order issued by the [bankruptcy] court, upon the request of a party in interest, confirming whether an automatic stay has or has not been terminated." *Ocwen Loan Servicing, LCC v. Kameni*, Civ. No. PJM-14-877, 2014 WL 3563658, at *1 n.1 (D. Md. July 17, 2014) (citing 11 U.S.C. § 362(j)), *aff'd sub nom. Kameni v. Ocwen Loan Servicing, LLC*, 589 F. App'x 145 (4th Cir. 2015)

Pursuant to 11 U.S.C. § 362(a), the filing of a Chapter 13 bankruptcy petition "automatically stays all proceedings against the bankruptcy debtor and all actions to obtain possession of or to exercise control over property of the bankruptcy estate." *See Kreisler v. Goldberg*, 478 F.3d 209, 212–13 (4th Cir. 2007) (footnote omitted) (citing 11 U.S.C. § 362(a)(1), (3)). Section 362(a)(1) "is generally said to be available only to the debtor, not third party defendants or co-defendants." *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986); *see also Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 126 (4th Cir. 1983).

However, district courts also have discretion to stay proceedings under their inherent authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Whether to issue a stay is a case-specific inquiry. *Id.* at 254–55; *see also Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 375 (4th Cir. 2013) ("The grant or denial of a request to stay proceedings calls for an exercise of the district court's judgment 'to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket.'" (quoting *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977))). On a motion to stay, "a district court should consider three factors: '(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; [and,] (3) potential prejudice to the non-moving party.'" *Gibbs v. Plain Green, LLC*, 331 F. Supp. 3d 518, 525 (E.D. Va. 2018) (alteration in original) (quoting *Buzzell v. JP Morgan Chase Bank*, No. 3:13-CV-668, 2015 WL 5254768, at *2 (E.D. Va. Sept. 9, 2015)).

The Court concludes that a stay is justified. Waiting for the Bankruptcy Court to determine whether a stay applies to all Defendants in this action is essential to ensure that there is no violation of the automatic stay provision of 11 U.S.C. § 362(a). *See In re Siegal*, 591 B.R. 609, 620 (Bankr.

3

D. Md. 2018) (explaining that "[t]he automatic stay is a core and critical component of the bankruptcy system," so "courts scrutinize, and take seriously, alleged violations of the automatic stay"). Moreover, a stay pending the Bankruptcy Court's disposition of these motions would promote judicial economy and prevent hardship to Plaintiff in his efforts to obtain discovery. *See* ECF 70, at 3. No prejudice to any Defendant would result given that Comfort and Kofi have requested a stay as to themselves and to HSI, Hope Living, and Kophco. *See* ECF 69, at 2; ECF 70-1, at 1. Moreover, Mustafa is unlikely to be prejudiced as any delay caused by the stay is likely to be relatively brief since a hearing to resolve Plaintiff's motions is set before the Bankruptcy Court later this month.

Accordingly, the Court will grant the stay as to all Defendants. Because the Court grants the stay, it will deny the pending motion for default judgment without prejudice. *Cf. Democracy Cap. Corp. v. McDermott*, No. BAH-25-1654, 2026 WL 412437, at *5 (D. Md. Feb. 13, 2026) (granting stay and denying without prejudice a motion to dismiss to be raised again after resolution of motions by the Bankruptcy Court). Once the motions pending before the Bankruptcy Court have been decided, and any appeal is resolved, Plaintiff may re-file the motion for default judgment.

Accordingly, it is this 6th day of May, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

(1) Plaintiff's motion to stay, ECF 70, is GRANTED;

(2) This action is hereby STAYED pending the Bankruptcy Court's determination of Plaintiff's motion to lift automatic stay and/or motion for comfort;

(3) Plaintiff's motion for default judgment, ECF 59, is DENIED without prejudice with leave to re-file after the stay is lifted;

(4) Plaintiff is to file a status report within ten days of the Bankruptcy Court's resolution of the pending motions before it; and

5

(5) The Clerk is directed to mail a copy of this Order to Defendants and to counsel of record.

_____/s/_____
Brendan A. Hurson
United States District Judge
